THE BOSTON NATIONAL BANK, Respondent, *v.* PAUL J. ARMOUR *et al.*, Appellants.

*N. Y. Supreme Court, First Department, General Term, May* 24, 1889.

1. *Note. Implied Warranty.*—The law, upon the sale of a promissory note, implies a warranty as to the solvency of the maker.
2. *Same. Fraud.*—Vendors of notes, who know that they have become worthless by reason of the insolvency of the makers and indorsers, and remain silent on the subject when they sell the paper to purchasers who are ignorant of the fact, are guilty of a fraud and liable in damages.

Appeal from an interlocutory judgment overruling a demurrer to the complaint.

*C. Bainbridge Smith,* for appellants.

*Hamilton Odell,* for respondent.

BARTLETT, J.—The reasons given by the learned judge who heard this case at special term are amply sufficient to sustain the conclusion that the complaint states facts sufficient to constitute a cause of action; and we deem it necessary to add very little to what he has said on the subject. The case of The People's Bank *v.* Bogart (81 N. Y. 101), does not decide, as seems to be supposed by the counsel for the appellant, that upon the sale of a promissory note there is never any implied warranty as to the solvency of the maker. In that case ANDREWS, J. says: "The law on the sale of commercial paper implies a warranty, on the part of the vendor, of title, and that the instrument is genuine, and also, as stated by Judge STORY, " That the vendor has no knowledge of any facts which prove the instrument, if originally valid, to be worthless, either by failure of the maker, or by its being already paid, or otherwise to have be-

come void or defunct." But wholly irrespective of any question of implied warranty, we think the action is maintainable on the ground of fraud.

If the vendors of these notes knew that they had become worthless by reason of the insolvency of the makers and indorsers, and remained silent on the subject when they sold the paper to purchasers who were ignorant of the fact, they were guilty of a fraud; just as it would be a fraud knowingly to pay for purchased goods, with a bill upon a broken bank, without divulging the true character of the instrument proffered in payment. The obligation in the case supposed would be perfectly valid in form, but the purchaser who had paid for goods with such a bill, knowing it to be worthless, would unquestionably be liable to an action sounding in tort, at the instance of the vendor, to recover damages arising out of the fraudulent concealment.

The judgment appealed from should be affirmed, with costs.

VAN BRUNT, Ch. J. and DANIELS, J., concur.